IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EMAN MOHHAMAD DARKHALIL**<br>4830A 31st Street South<br>Arlington, Virginia 22206<br><br>*Plaintiff,*<br><br>v.<br><br>**ISLAMIC CIRCLE OF NORTH AMERICA RELIEF, USA**<br>87-91 144th Street<br>Jamaica, New York 11435<br><br>*Defendant.* | **Case No.**<br><br>**(Jury Trial Requested)** |

## COMPLAINT

Plaintiff Eman Mohhamad Darkhalil ("Plaintiff"), by and through undersigned counsel, for her Complaint against Defendant Islamic Circle of North America Relief, US ("Defendant" or the "Organization") alleges as follows:

1. Plaintiff brings this action against Defendant for damages arising out of violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. 2000e *et seq.,* because Defendant discriminated against her on the basis of her sex.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331 because the subject matter of Plaintiff's claims is premised on Title VII.

3. This Court has personal jurisdiction over Defendant because the location of the job offered to Plaintiff and later rescinded was located in Maryland.

4. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5 and U.S.C. §1391 as the Plaintiff would have been employed in this district, but for the unlawful acts of the Defendant; and the location of the property at which Plaintiff would have been employed is in this judicial district.

5. Prior to instituting this action, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

6. The EEOC has issued a Right to Sue Letter, dated April 26, 2017.

## PARTIES

7. Plaintiff is a resident of the state of Virginia.

8. Plaintiff is a Muslim woman of Palestinian descent.

9. Defendant is an organization which focuses on education, outreach, and social services for Muslims throughout the country.

10. Defendant is headquartered in New York, and provides services in Maryland.

## STATEMENT OF FACTS

11. In Spring 2015, Plaintiff contacted Defendant's Kansas City, Missouri regional women's shelter in order to seek assistance.

12. Plaintiff became acquainted with Kelly Strother, the Women's Shelter Manager of the Defendant's Kansas City, Missouri shelter.

13. Plaintiff shared details about her professional and personal background with Ms. Strother.

14. Ms. Strother put Plaintiff in contact with Mohamed Bangura, Defendant's Washington, DC-area Director.

15. Mr. Bangura was to provide assistance in helping Plaintiff relocate for safety reasons.

16. In addition to providing Plaintiff with housing assistance, Mr. Bangura, because of Plaintiff's professional and personal experience, discussed with Plaintiff a position as the manager for Defendant's newly established Washington, DC-area women's shelter (the "Shelter").

17. The Shelter manager responsibilities included performing intake duties and acting as a caseworker for women and children staying at the shelter.

18. The Shelter manager position did not involve any responsibilities related to religious activity, teaching, or training.

19. Mr. Bangura began negotiations with Plaintiff for Plaintiff to be employed as the Shelter manager.

20. On or about July 22, 2015, Mr. Bangura sent Plaintiff pictures of property which had been purchased for the Shelter.

21. Mr. Bangura informed Plaintiff that the purchase of the property for the Shelter had recently been formalized.

22. The property was located in Maryland, and had six (6) bedrooms, four (4) bathrooms, and two (2) living rooms.

23. Also, on or about July 22, 2015, Mr. Bangura, via email, questioned Plaintiff about details related to her personal life.

24. Mr. Bangura asked if Plaintiff was married or divorced.

25. Mr. Bangura also asked Plaintiff questions about whether she had children.

26. Plaintiff informed Mr. Bangura that she was legally separated, and religiously divorced; but she was not yet legally divorced.

27. Plaintiff also informed Mr. Bangura that she had custody of her two (2) children.

28. Plaintiff questioned Mr. Bangura as to why her marital status was relevant to the position as manager of the Shelter.

29. Mr. Bangura explained that, as a woman, Plaintiff's marital status could impact her commitment to her work, especially required fieldwork.

30. Plaintiff explained to Mr. Bangura that, as a woman with children, she had previously successfully undertaken fieldwork.

31. Plaintiff explained to Mr. Bangura that her previous job performance had never been negatively affected by her status as a woman who had children.

32. Mr. Bangura then informed Plaintiff that, as a condition of her employment, she would be required to live at the Shelter.

33. Other employees of Defendant, in similar employment positions, were not required to live on-site at shelters.

34. In the July 22, 2015, conversation, Mr. Bangura also requested that Plaintiff meet with him at the Shelter location.

35. After Plaintiff began to make complaints about Mr. Bangura making inquiries about her ability to successfully perform employment duties as a woman who was divorced and had children, discussions about the job at the Shelter began to cease.

36. Defendant refused to give Plaintiff the job at the Shelter.

37. When Ms. Strother learned that Plaintiff's job offer had been rescinded, she questioned Mr. Bangura about the issue.

38. Ms. Strother also informed Defendant that the Organization could face claims of sex discrimination.

39. Ms. Strother also reported to Defendant that Mr. Bangura had made discriminatory comments to her, and those comments were based on her sex.

40. Ms. Strother suggested that Defendant train and educate Mr. Bangura on issues of sex discrimination.

41. On or about July 11, 2015, Mr. Bangura, on behalf of Defendant, sent a written announcement about a dinner which would be a fundraiser for Defendant's Washington, DC-area shelter.

42. The written announcement indicated that the Shelter would be located in Maryland.

43. The announcement sought monetary donations for expenses related to the Shelter.

44. The announcement indicated that Naeem Baig, Defendant's National President would be a keynote speaker at the dinner.

## COUNT I
## SEX-BASED DISCRIMINATION
**[Title VII, 42 U.S.C. § 2000e,** *et seq.I*]

45. Plaintiff re-alleges every allegation contained in this Complaint as if set forth fully herein.

46. At all relevant times, Defendant was and continues to be an "employer" within the meaning of Title VII.

47. Defendant has engaged in unlawful employment practices by discriminating against Plaintiff on the basis of her sex, by refusing to hire her as the Shelter manager.

48. Defendant's refusal to hire Plaintiff was based on the fact that she was a woman who was divorced and had children.

49. By acts and omissions alleged above, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected her status as

an employee, by denying her certain employment opportunities, and ultimately refusing to hire Plaintiff, on the basis of her sex.

50. As a direct, proximate, and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses in an amount to be proved at trial.

51. As a direct, proximate, and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, general physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, in amounts within the jurisdictional limits of this Court, to be proved at trial.

52. As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of this suit as provided for by applicable law.

## JURY DEMAND

Plaintiff demands a trial by jury for those issues which are triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Eman Mohhamad Darkhalil, prays for the following relief: Entry of judgment in favor of Plaintiff and against Defendants for:

a. Back pay;

b. Front pay;

c. Compensatory damages;

d. Punitive damages;

e. Reasonable attorneys' fees and court costs associated with this suit;

f. Prejudgment interest, costs and disbursement as appropriate herein; and

g. Other relief as may be appropriate to effectuate the purposes of Title VII and that this Court and jury deems equitable, appropriate, and just.

Respectfully submitted,

_____/s/_____
Phillis h. Rambsy (19741)
THE SPIGGLE LAW FIRM
4830A 31st St. South
Arlington, Virginia 22206
(202) 449-8527 (telephone)
(202) 540-8018 (facsimile)
prambsy@spigglelaw.com
*Attorney for Plaintiff Eman Mohammed Darkhalil*